## Corbin Brick Co. v. Kelly.

April 26, 1940.

James M. Gilbert, Judge.

Tuggle & Tuggle for appellant.

W. T. Davis for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

This action was instituted by the administratrix of the estate of Martin T. Kelly to recover of the appellant, Corbin Brick Company, and its co-defendant, the Bell County Board of Education, $250 alleged to be the reasonable value of legal services rendered the former in the recovery of a debt due it by the latter. The appellant in its answer as amended admitted an indebtedness to the decedent of $40 for reducing its claim against the Board of Education to judgment, but pleaded that the services rendered by Mr. Kelly had been performed pursuant to the terms of a letter written by him in which he and his associate, Charles A. Johnson, had agreed to collect the debt for a sum equal to 10% of the "amount of the account," and to charge only $40 in the event appellant merely desired the account reduced to judgment; and that "during said Martin T. Kelly's life time and more particularly between the 18th day of December, 1933, and the time of said Martin T. Kelly's death, the defendant through its officers and employees called at the law office of said Martin T. Kelly in Pineville, Kentucky, on various times and occasions and that said Martin T. Kelly stated that he didn't like to handle collections and that his office associate, Charles A. Johnson, was looking after the defendant's case and that he had nothing more to do with the claim of the defendant. That after said Martin T. Kelly's death the Bell County Board of Education through a bond issue raised funds to pay about 83% of its indebtedness and did pay 83% of the defendant's judgment and that on January 13, 1936, this defendant authorized the said Charles A. Johnson as its legal representative and attorney to accept 83% as · a payment upon its judgment which amounted to the sum of $2,152.14, and that 17% of the sum of $2,992.94, plus 6% interest from Jan. 16, 1936 is still due and unpaid and owing to this defendant by the Bell County Board of Education."

The Court sustained appellee's demurrer to appellant's answer as amended, and upon appellant's failure to plead further, entered a judgment against it in appellee's favor for $250 with interest from April 9, 1934, the date on which appellant's claim against the Board of Education had been favorably adjudicated.

Various rules of pleading are cited in the briefs of counsel, but we deem it unnecessary to discuss them since the following facts are controlling:

Mr. Johnson was not mentioned in Mr. Kelly's letter which was eventually filed by appellant as an exhibit, and it is not alleged that Mr. Johnson was paid or at any time sought compensation for his services, which, it is obvious, he rendered in his capacity of assistant to Mr. Kelly. On the other hand, while the letter called for a fee of 10% of the amount of the account, it is obvious that a fee of 10% of the amount collected was intended.

It follows that on the face of the pleadings appellee was entitled to a judgment for $215.21 with interest from January 16, 1936, the date on which $2,152.14 was paid on the judgment.

The appeal is granted, and the judgment reversed for proceedings consistent with this opinion.